**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4098**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CORY CHAFIN,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:08-cr-00129-1)

Argued: March 22, 2011              Decided:  April 13, 2011

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Nicholas S. Preservati, PRESERVATI LAW OFFICES, PLLC,
Charleston, West Virginia, for Appellant.  Steven Robert Ruby,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia,
for Appellee.  **ON BRIEF:** Joseph L. Jenkins, PRESERVATI LAW
OFFICES, PLLC, Charleston, West Virginia, for Appellant.
Charles T. Miller, R. Booth Goodwin II, United States Attorneys,
Samuel D. Marsh, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cory Chafin appeals his conviction for selling a firearm to a person knowing or having reasonable cause to believe that such person is an unlawful user of drugs, 18 U.S.C. § 922(d)(3).  We affirm.

On February 6, 2008, Chafin, at the time an unlawful user of drugs, purchased an AK-47 rifle from Graybeal Firearms, a federally licensed firearms dealer in Peytona, West Virginia.  Before purchasing the rifle, Chafin completed an ATF Form 4473 in which he answered "NO" to the question that asked if he was an unlawful user of drugs.  On February 11, 2008, Chafin returned to Graybeal Firearms and purchased another AK-47 rifle.  Again, on the Form 4473, he falsely stated that he was not an unlawful user of drugs.  On February 22, 2008, Chafin sold the AK-47 he had purchased on February 6 to his friend, Juan Chic, who, at the time of the sale, was also an unlawful user of drugs.

On June 10, 2008, a federal grand jury sitting in the Southern District of West Virginia returned a four-count indictment against Chafin.  Counts One and Two charged Chafin with making a false statement on a Form 4473, id. § 924(a)(1)(A).  Count Three charged Chafin with selling a firearm to a person knowing or having reasonable cause to believe that such person was an unlawful user of drugs, id.

§ 922(d)(3).   Count Four charged Chafin with possession of firearms while being an unlawful user of drugs, id. § 922(g)(3).

On July 31, 2008, Chafin filed a motion to dismiss the indictment, contending that each count in the indictment violated his Second Amendment right to bear arms.   On August 7, 2008, the district court denied the motion.   Subsequently, Chafin entered a conditional plea of guilty to Count Three of the indictment, reserving his right to raise on appeal that "§ 922(d)(3) is unconstitutional . . . in light of" the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570 (2008).   The district court accepted Chafin's conditional plea and found him guilty of the § 922(d)(3) offense charged in Count Three.   On January 26, 2009, Chafin was sentenced to thirty-seven months' imprisonment.   He noted a timely appeal.

On appeal, Chafin contends that his § 922(d)(3) conviction, per Heller, is unconstitutional under the Second Amendment.   We disagree.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."   U.S. Const. amend. II.   This amendment protects an individual's right to possess arms without regard to militia service.   Heller, 554 U.S. at 595.   However, an individual's right to bear arms is not "unlimited, just as the First Amendment's right of free speech

- 3 -

[is] not." Id. Moreover, because the Second Amendment, like the First Amendment, codifies a pre-existing right, the scope of the protection afforded by the amendment is a matter of historical inquiry. United States v. Chester, 628 F.3d 673, 678 (4th Cir. 2010).

As a result, in evaluating Second Amendment claims, we apply a two-part test. First, we ask "whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee." Id. at 680 (citation and internal quotation marks omitted). "This historical inquiry seeks to determine whether the conduct at issue was understood to be within the scope of the right at the time of ratification." Id. If the conduct is not within such scope, then the challenged law is valid. Id. If the challenged law "burdens conduct that was within the scope of the Second Amendment as historically understood, then we move to the second step of applying an appropriate form of means-end scrutiny." Id.

Here, Chafin contends that his conduct—the sale of a firearm to an unlawful user of drugs—falls within the historical scope of the Second Amendment. However, Chafin has not pointed this court to any authority, and we have found none, that remotely suggests that, at the time of its ratification, the Second Amendment was understood to protect an individual's right

to <u>sell</u> a firearm. Indeed, although the Second Amendment protects an individual's right to bear arms, it does not necessarily give rise to a corresponding right to sell a firearm. <u>Cf.</u> <u>United States v. 12 200-Foot Reels of Super 8mm.</u> <u>Film</u>, 413 U.S. 123, 128 (1973) ("We have already indicated that the protected right to possess obscene material in the privacy of one's home does not give rise to a correlative right to have someone sell or give it to others."). Accordingly, Chafin's argument that § 922(d)(3) is unconstitutional under <u>Heller</u> must be rejected.[*]

AFFIRMED

---

[*] Chafin raises two additional arguments that are outside the scope of the argument he reserved for appeal as part of his conditional guilty plea. More specifically, he argues that § 922(d)(3) violates the Second Amendment, because § 922(g)(3) violates the Second Amendment. He also argues that his Second Amendment right to bear arms "cannot be deprived without prior notice and an opportunity to be heard." Appellant's Br. at 10. We decline to address these arguments because they fall outside the scope of the issue Chafin reserved for appeal as part of his conditional guilty plea. <u>Cf.</u> <u>United States v. Bundy</u>, 392 F.3d 641, 650 n.3 (4th Cir. 2004) ("Where a defendant who pled guilty presents on appeal an issue that he did not even attempt to preserve by means of a conditional plea, we decline to entertain the appeal on the ground that the defendant's unconditional plea waived that issue altogether.").